IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAMOUD ABDULLAH HAMOUD HASSAN AL WADY,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>GEORGE W. BUSH, et al.,  )<br>)<br>Respondents.  )<br>)  | Civil Action No. 08-CV-1237 (RMC) |

## STATUS REPORT

Pursuant to the Court's August 15, 2008 order (Dkt # 11), Petitioner Hamoud Abdullah Hamoud Hassan Al Wady ("Petitioner"), by undersigned counsel, respectfully submits the following status report:

1.  Mr. Al Wady is a foreign national[1] who is presently in the custody of Respondents at the United States Guantanamo Naval Base at Guantánamo Bay, Cuba.

2.  On July 17, 2008, Mr. Al Wady's petition for writ of habeas corpus was authorized by Sami Al Hajj, who is acting as Petitioner's next friend. That petition is currently pending before the Court.

3.  On August 1, 2008, Respondents filed a status report (Dkt # 7), claiming that Mr. Al Wady shared the same Internment Serial Number 574 as Houmad Warzly. Respondents further asserted that Mr. Al Wady had previously filed a petition under the name of Mr. Warzly in *Al Halmandy et al v. Bush et al*, 05-CV-2385 (RMU). According to Respondents's July 18, 2008, status report filed in the *Al Halmandy* litigation, however, "respondents have not been able

---

[1] Upon information and belief, Mr. Al Wady is a Yemini national.

to identify a number of petitioners in the above-captioned cases as current or former detainees at Guantanamo Bay," including "Houmad Warzly." (1:05-CV-2385, Dkt #43; Dkt #43-8, Exhibit 2, p. 2, ln. 6).

4. On August 8, 2008, the Office of the Federal Public Defender, Central District of California, was appointed to represent Mr. Al Wady by order of the Honorable Royce C. Lamberth, Chief Judge. Undersigned counsel entered notices of appearance on August 12, 2008 and August 15, 2008.

5. Pursuant to the Court's July 29, 2008 order (Dkt # 5), undersigned counsel are directed to file, no later than October 27, 2008, a signed authorization from Mr. Al Wady to pursue the action or a declaration by counsel that states that Mr. Al Wady directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization.

6. In order to comply with the Court's order, counsel will need to travel to the United States Naval Base at Guantánamo Bay, Cuba and meet with Mr. Al Wady. Respondents will permit such travel only after counsel have been granted the requisite security clearances. Shortly after appointment, the Federal Public Defender for the District of Columbia provided counsels' names to Respondent's representatives to initiate the process. As of August 21, 2008, counsel have still not received the appropriate forms. Upon receiving such clearances, counsel will arrange travel to meet with Petitioner. Due to the expected delay in obtaining security clearances as well as the lead time necessary to coordinate travel to the Guantanamo Detention Facility, Petitioner's counsel anticipate being unable to comply with the 90-day deadline set by the Court's July 29, 2008 order. Within 30 days, Petitioner's counsel intend to file a supplemental status report updating the Court on the progress of the security clearance process.

7. In their status report (Dkt #7), Respondents do not indicate any of the following:

 a.  Whether Mr. Al Wady has been deemed to be an enemy combatant by a Combatant Status Review Tribunal ("CSRT");

b.  Whether Mr. Al Wady has been approved for release or transfer from Guantánamo Bay by the Department of Defense; or

c.  Whether Mr. Al Wady has been charged with any crimes triable by a military commission under the Military Commissions Act of 2006.

Without access to Mr. Al Wady, Petitioner's counsel have no way of determining his status.

8. On August 18, 2008, Counsel for Respondents agreed to send Mr. Al Wady's counsel the unclassified portion of the CSRT material.  As of August 21, 2008, Respondents has yet to produce Petitioner's CSRT record or a factual return in this case.  Once the unclassified material is provided, Petitioner's counsel will undoubtedly require additional discovery, including the classified CSRT material, to fully litigate Mr. Al Wady's habeas petition.

9. Given Respondent's conflicting positions regarding the status of Mr. Al Wady and/or Mr. Warzly, Petitioner's counsel cannot speak to whether these individuals are, in fact, the same person.  Once Petitioner's counsel has an opportunity to confer with Respondents' counsel to

/ / /

/ / /

/ / /

clarify their position, Petitioner's counsel will determine the most appropriate course to take and will promptly notify the Court.

                                                      Respectfully submitted,

                                                     SEAN K. KENNEDY
                                                     Federal Public Defender

DATED: August 22, 2008                  By  /s/ Craig Harbaugh
                                                   CRAIG HARBAUGH (D.C. Bar No. 974117)
                                                   CARLTON F. GUNN (CA Bar No. 112344)
                                                   Deputy Federal Public Defenders
                                                   Office of the Federal Public Defender
                                                   321 East 2nd Street
                                                   Los Angeles, CA 90012-4202
                                                   (213) 894-1700; Facsimile: (213) 894-0081
                                                   Attorneys for Petitioner