~~SECRET~~

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED WITH THE
COURT SECURITY OFFICER
CSO: *A Strauss*
DATE: *11/20/09*

HAMOUD ABDULLAH HAMOUD : 
HASSAN AL WADY, :
:
    Petitioner, :     Civil Action No.:   08-1237 (RMU)
:
v. :     Re Document No.:   137
:
BARACK OBAMA *et al.*, :
:
    Respondents. :

## MEMORANDUM OPINON

### GRANTING IN PART AND DENYING IN PART THE PETITIONER'S MOTION FOR ADDITIONAL DISCOVERY

### I. INTRODUCTION

This case comes before the court on the motion for additional discovery filed by petitioner Hamoud Abdullah Hamoud Hassan Al Wady (ISN 574). The petitioner seeks the production of certain materials that he contends he is entitled to under the amended Case Management Order ("CMO"),[1] which governs the government's discovery obligations in these habeas proceedings. For the reasons stated below, the court grants in part and denies in part these requests.

### II. THE CMO

By way of background, § I.D.1 of the CMO requires the government to "disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner."

---

[1]  Judge Hogan issued the Case Management Order on November 6, 2008. Judge Hogan then issued an Order amending the November 6, 2008 Case Management Order on December 16, 2008. Finally, this court issued an Omnibus Order regarding the Case Management Order on April 23, 2009. The court refers to the integrated Case Management Order as the CMO.

~~SECRET~~

CMO § I.D.1. Section I.E.1 requires the government, upon the petitioner's request, to provide three categories of information, provided the information is reasonably available. *Id.* § I.E.1; Omnibus Order (Apr. 23, 2009) (reading the "reasonably available" requirement into § I.E.1). These three categories of information are:

> (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which such statements of the petitioner were made or adopted.

CMO § I.E.1.

Section I.E.2 of the CMO provides for the disclosure of materials upon a showing of good cause by the petitioner. *Id.* § I.E.2. A request for information under this provision must be narrowly tailored, specify the discovery sought and explain why the request, if granted, would likely produce evidence that demonstrates that the petitioner's detention is unlawful. *See id.* If the petitioner's request satisfies these criteria, the government must offer specific facts explaining how the request, if granted, would place an undue burden on the government. *See id.*; Omnibus Order (Apr. 23, 2009).

The CMO defines "reasonably available evidence" as "evidence contained in any information reviewed by attorneys preparing factual returns for all detainees; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner." CMO § I.D.1. As this court has clarified, "reasonably available evidence" also includes "information compiled pursuant to Executive Order 13,492; detainees' medical records; and information within the possession or control of the director of the Joint Intelligence Group of the Joint Task Force-Guantanamo." Omnibus Order (Apr. 23, 2009); *see also In re Guantanamo Bay Detainee Litig.*, No. 08-0442 (D.D.C. June 10, 2009) (Order) (denying the government's motion to

reconsider numerous orders holding that materials assembled as part of Executive Order 13,492 are "reasonably available"). With these standards in mind, the court turns to the petitioner's motion.

### III. ANALYSIS

#### A. All Interview Reports of ▌6▌, the Government's "Complete File" on ▌6▌ and a Declaration Detailing the Government's Efforts to Identify Exculpatory Information Regarding that Detainee

According to the petitioner, the government bases several of the central allegations in its factual return on statements made by fellow Guantanamo detainee ▌6▌ (ISN ▌2▌). Petr's Mot. at 3-4. The petitioner contends that although allegations made by ▌6▌ are referenced in only two paragraphs of the factual return, he is the only witness who has alleged that the petitioner was ever involved in any fighting against the United States. *Id.*

Earlier this year, the government produced to the petitioner a packet of information containing impeachment evidence regarding ▌6▌ including information about his prior criminal history, information concerning his psychiatric problems and reports from government agents expressing doubt as to the reliability of information obtained from him. *Id.* at 4-5 & Ex. A. The petitioner, however, alleges that in violation of § I.D.1 of the CMO, the government has not produced all of the exculpatory information regarding ▌6▌ that is reasonably available. *Id.* at 5. Specifically, the petitioner has identified several documents that allegedly undermine ▌6▌ credibility but were not produced in this case: (1) an "Intel Value Assessment" containing additional information regarding ▌6▌ criminal history and psychological instability, *id.*, Ex. C; (2) interrogation reports reflecting inducements offered to ▌6▌ *id.*, Exs. D & E; and, (3) a June 2007 warning by the Office of Administrative Review of the

~~SECRET~~

Detention of Enemy Combatants ("OARDEC") about ▉ credibility, referenced in a January 30, 2009 memorandum opinion by Judge Leon, *id.* at 7 (citing *El Gharani v. Bush*, No. 05-429 (Jan. 30, 2009) (Mem. Op.)).

The petitioner contends that in light of the government's failure to comply with its disclosure obligations, the court should order the government to produce its "complete file" on ▉ including all interview reports of ▉ in its possession,[2] regardless of whether they pertain to the petitioner. Petr's Mot. at 7-8, 12. In addition, the petitioner requests an order requiring the government to provide a declaration detailing its procedures for identifying exculpatory information regarding ▉ explaining why that search did not produce the exculpatory information originally omitted and explaining what steps it is taking to prevent further omissions. *Id.* at 8-9.[3]

The government maintains that it conducted a search for all reasonably available exculpatory information regarding ▉ and made two separate productions of such materials to the petitioner. Govt's Opp'n at 5-6. Although the government acknowledges that it did not produce to the petitioner the documents identified in his motion, it suggests that the documents are not "material" to this litigation and that it had already provided to the petitioner the exculpatory information contained in those documents. *Id.* at 6-8. Furthermore, it argues that the petitioner's broad request for all reports of interrogations of ▉ regardless of whether they concern the petitioner, is not justified by any provision of the CMO. *Id.* at 6-7.

---

[2] Specifically, the petitioner seeks the twenty-four FBI interrogation reports ("FD-302s") and twenty-seven Intelligence Information Reports ("IIRs") referenced in the Intel Value Assessment, as well as any additional reports prepared after the creation of the Intel Value Assessment. *See* Petr's Mot. at 7-8.

[3] In the alternative, the petitioner requests that the court hold a hearing during which government counsel would be "required to justify their blatant dereliction." Petr's Reply at 5.

In addition, the government contends that the petitioner has not shown good cause for the requested declaration. *Id.* at 7-9. The fact that the documents were produced in other cases, the government argues, demonstrates that it has not been "hiding" documents. *Id.* at 9. Furthermore, the government states that the requested declaration would be "redundant," as the government has already filed certifications regarding its production of exculpatory information. *Id.*

It is, by now, well-established that evidence undermining the reliability of statements made by detainee accusers on whom the government relies constitutes materially exculpatory evidence that must be produced under § I.D.1 of the CMO. *See Bin Attash v. Obama*, 628 F. Supp. 2d 24, 40 (D.D.C. 2009) (noting that "if the government intends to rely on the statement of any witness to justify holding the petitioner, it must produce any reasonably available evidence that would undermine the credibility of that witness's statement"); *Al-Ghizzawi v. Obama*, 600 F. Supp. 2d 5, 7-8 (D.D.C. 2009) (ordering the government to disclose documents relating to "the accuser's mental health, the accuser's alleged substance-abuse problem, inducements or promises of favorable treatment made to the accuser . . . and the total number of detainees about whom the accuser provided information to the Government"); *Al-Adahi v. Obama*, 597 F. Supp. 2d 38, 43 (D.D.C. 2009) (observing that "the term 'exculpatory evidence' includes any evidence of abusive treatment, torture, mental incapacity, or physical incapacity which could affect the credibility and/or reliability of evidence being offered"); *Al-Mithali v. Bush*, 2009 WL 71517, at *1 (D.D.C. Jan. 9, 2009) (ordering the government to produce all materially exculpatory evidence in its possession, "including any evidence or information that undercuts the reliability and/or credibility of the government's evidence . . . such as evidence that casts doubt on a speaker's credibility"); *see also Al Odah v. United States*, 559 F.3d 539, 546 (D.C. Cir. 2009)

(observing that "[i]nformation that is exculpatory, *that undermines the reliability of other purportedly inculpatory evidence*, or that names potential witnesses capable of providing material evidence may all be material") (emphasis added).

The petitioner has identified at least three documents that fall within this category of automatic disclosure but were not produced by the government. The two interrogation reports identified by the petitioner, Petr's Mot., Exs. D & E, reflect inducements offered to [6] in exchange for his cooperation[4] and are therefore material to [6] credibility, *see Bin Attash*, 628 F. Supp. 2d at 40 (noting that exculpatory evidence includes any evidence of "inducements offered to a third party before or during the interrogation in which the statement was made"); *Al-Ghizzawi*, 600 F. Supp. 2d at 7-8 (requiring the disclosure of "inducements or promises of favorable treatment made to the accuser"). Moreover, the June 2007 OARDEC warning referenced in Judge Leon's opinion plainly falls within the automatic disclosure requirements of § I.D.1 and should have been produced. Judge Leon expressly referenced this warning in concluding that [6] is not a credible witness. *See El Gharani*, No. 05-0429 (D.D.C. Jan. 30, 2009) (Mem. Op.) (noting that the documents submitted "raise serious questions about the credibility and reliability of [6] uncorroborated statements"). Indeed, having reviewed the OARDEC warning in connection with another habeas case before this court, it is abundantly clear to the court that this document materially undermines the credibility of [6] In light of the government's reliance on allegations made by [6] to justify the petitioner's detention, its failure to produce those documents in this case constitutes a failure to comply with § I.D.1 of the CMO.

---

[4]   For instance, the petitioner submits a summary interrogation report, which recommends offering [6] [1, 5] Petr's Mot., Ex. E. Likewise, the petitioner has submitted an interrogation memorandum, which notes that "it is also very useful to remind [6] that being truthful will help get him back to his family as soon as possible." *Id.*, Ex. D.

~~SECRET~~

Perhaps the most troubling aspect of the government's noncompliance is the oddly cavalier attitude it displays in its opposition toward its disclosure obligations under the CMO. The government appears to argue that because the petitioner happened to acquire these exculpatory documents as a result of their disclosure in other habeas cases, he cannot complain because "he has the information, which he is now free to use to discredit [6█████]" Govt's Opp'n at 9. It is, however, the government's obligation to disclose exculpatory information within its possession, *see* CMO § I.D.1, not the petitioner's duty to ferret out exculpatory information produced in other cases. Likewise, given the government's failure to produce exculpatory documents falling plainly within the scope of § I.D.1, the argument that a declaration detailing the government's efforts to identify exculpatory information would be "redundant" because the government has already provided such declarations in the past reflects a disquieting cynicism that has no place in this litigation. The fact that the government failed to produce exculpatory documents, despite having certified its efforts to produce exculpatory information, does not lead to the inference that a subsequent certification would be redundant, but rather, raises the possibility that any such prior certifications were mistaken, incomplete or false.

Accordingly, the court orders the government to conduct an additional search for exculpatory information regarding [6█████] that was not produced in this case, including, but not limited to, a review of all exculpatory information regarding [6█████] disclosed in connection with any other detainee habeas case. In addition, the government will file a declaration describing the procedures used to identify exculpatory information regarding [6█████] and certifying the completeness of those efforts.

7

~~SECRET~~

The court, however, declines *at this time* to order the production of all interview reports of [6] or the government's "complete file" on that detainee. These requests seek the production of materials not covered by § I.D.1, as the petitioner has made no showing that every one of these reports or every document in the government's file on [6] is materially exculpatory. *See* CMO § I.D.1; *Al-Ghizzawi*, 600 F. Supp. 2d at 8 (denying the petitioner's request for the production of "the complete file" on third-party accusers). Nor has the petitioner demonstrated that these requests are narrowly tailored, specific or likely to produce exculpatory information so as to warrant disclosure under § I.E.2 of the CMO. If, however, following the government's additional search for exculpatory information and the filing of the required declaration, the petitioner submits evidence that the government has failed to comply with the CMO, the court may reconsider its denial of the petitioner's requests.

### B. All Medical and Psychological Records for [6]

Pursuant to § I.D.1 of the CMO, the petitioner seeks the production of all medical and psychological records for [6] Petr's Mot. at 10-11. The petitioner states that although the government has produced some evidence regarding [6] medical and psychological condition, there is exculpatory information in this area that was not produced in this case but was disclosed in other cases and obtained independently by counsel. *Id.*

The government responds that the requested information exceeds the scope of § I.D.1, and that the petitioner has not demonstrated good cause justifying the disclosure of all of [6] medical and psychological records under § I.E.2. Govt's Opp'n at 9-10. Nonetheless, the government represents that it will disclose all of [6] medical and psychological records to the petitioner, so long as the court enters an order prohibiting the

sharing of these records with other habeas counsel or the use of such records in other habeas cases. *Id.* at 10.

In light of this representation, the court will issue the nondisclosure order requested by the government and directs the government to produce the medical and psychological records sought by the petitioner. *See Hatim v. Obama*, No. 05-1429 (Aug. 13, 2009) (Mem. Order).

### C. All Information Regarding [redacted] Criminal History

The petitioner contends that although the government has provided some information regarding [redacted] prior criminal history, its production has been incomplete. Petr's Mot. at 11-12. Pursuant to § I.D.1, the petitioner requests the production of all information in the government's possession in all forms regarding [redacted] criminal record. *Id.*

The government responds that the undisclosed evidence of [redacted] criminal history that the petitioner cites concerns arrests for motorcycle and car theft in 1994 and 1995, when [redacted] was twenty-one years old, and a report that [redacted] was apprehended for trying to enter Saudi Arabia illegally the following year. Govt's Opp'n at 11. The government contends that these incidents, which took place long before the petitioner made the statements on which the government now relies, are not probative of [redacted] credibility and are therefore not materially exculpatory.[5] *Id.* The government argues that the petitioner's request for all information regarding [redacted] criminal records is a fishing expedition that should not be allowed absent good cause. *Id.* at 12.

Although evidence of [redacted] prior convictions is probative of the issue of his credibility, *cf.* FED. R. EVID. 609, the petitioner's request for all evidence regarding [redacted] criminal history, unqualified by any date or subject-matter restrictions, seeks information that is

---

[5] The government draws an analogy to Federal Rule of Evidence 609, which provides that a prior criminal conviction may be used to impeach a non-party witness if the crime was punishable by more than one year of imprisonment or involved a false statement. FED. R. EVID. 609.

~~SECRET~~

not materially exculpatory and thus falls beyond the scope of § I.D.1. Accordingly, absent a showing of good cause under § I.E.2, the petitioner's request for all evidence regarding ▮6▮ criminal history is denied. The parties are directed to meet and confer in a good faith effort to reach a compromise on this issue.

### D. Evidence Regarding Bounties or Fees

Pursuant to § I.D.1, the petitioner requests all evidence regarding any bounties or fees paid in connection with the petitioner's apprehension, transfer or investigation. Petr's Mot. at 13-14. The government asserts that such evidence is not material, but acknowledges that this court has previously rejected that position in other litigation. Govt's Opp'n at 13.

As this court and others have ruled, § I.D.1 of the CMO demands the production of any such evidence. *See Rabbani v. Obama*, 2009 WL 995797, at *3 (D.D.C. Apr. 7, 2009); *Hatim v. Obama*, No. 05-1429 (Jan. 7, 2009) (Mem. Order); *accord Al-Ansi v. Obama*, 2009 WL 2600751, at *4 (D.D.C. Aug. 20, 2009) (Kessler, J.); *Bin Sa'Adoun Alsa'ary v. Obama*, 631 F. Supp. 2d 9, 16 (D.D.C. 2009) (Lamberth, J.). Accordingly, the government is ordered to produce any such evidence that is reasonably available.

### E. All Forms of the Petitioner's Statements on Which the Government Relies

The petitioner contends that under § I.E.1(2), the government should be ordered to disclose all forms of any statement by the petitioner on which it relies to justify his detention. Petr's Mot. at 14. The government asserts that it should only be required to produce those versions of a statement on which it relies, but acknowledges that this court has previously rejected this interpretation. Govt's Opp'n at 13. Indeed, this court and others have held that § I.E.1(2) demands the production of *all forms* of any statement made by the petitioner on which the government relies. *See Hatim v. Obama*, No. 05-1429 (Feb. 17, 2009) (Mem. Order); *accord*

~~SECRET~~

*Abdullah v. Bush*, 2009 WL 3080507, at *2 (D.D.C. Sept. 28, 2009) (Roberts, J.); *Anam v. Obama*, 2009 WL 1322637, at *1 (D.D.C. May 11, 2009) (Hogan, J.); *Al Odah v. United States*, 2009 WL 382098, at *1 (D.D.C. Feb. 12, 2009) (Kollar-Kotelly, J.); *Zaid v. Obama*, 596 F. Supp. 2d 11, 12 (D.D.C. 2009) (Bates, J.). Accordingly, the government shall produce *all* forms of any statements made by the petitioners, including any records, transcripts, translations and contemporaneous notes or records, on which it relies and that are reasonably available.

### F. Declarations Regarding the Circumstances of the Petitioner's Statements

The petitioner seeks an order requiring the government to provide declarations from the individuals who interrogated the petitioner, detailing the circumstances of any such interrogations. Defs.' Mot. at 16. Noting that this court issued such an order in another case, *see Hatim v. Obama*, 05-1429 (May 15, 2009) (Order), the petitioner argues that such an order is appropriate in this case under § I.E.1(3) of the CMO, which requires the production of "information about the circumstances in which ... statements of the petitioner [on which the government relies] were made or adopted," CMO § I.E.1(3)). The government points out that after issuing the aforementioned order in *Hatim*, the court granted the government's motion for relief upon reconsideration, *see Hatim v. Obama*, No. 05-1429 (Aug. 3, 2009) (Mem. Order), and held that an order requiring declarations from government interrogators could be justified only upon a showing of particularized need under § I.E.2, Govt's Opp'n at 13-14.

The petitioner argues for the first time in his reply brief that his request for declarations satisfies the requirements of § I.E.2. *See* Petr's Reply at 6-7; *see generally* Petr's Mot. Because the court will not consider arguments raised for the first time in a party's reply, *see Ramer v. United States*, 620 F. Supp. 2d 90, 102 (D.D.C. 2009), the court denies his request for declarations regarding the circumstances of his statements.

### G. All Statements Made by the Petitioner, Including Those on Which the Government Does Not Affirmatively Rely and Circumstances Information for Those Statements

The petitioner requests the production of all forms of any of his prior statements, including those on which the government does not affirmatively rely, as well as circumstances information for those statements. Petr's Mot. at 17-18. The petitioner contends that the government should disclose these statements because they may show nuances which would explain any alleged inconsistencies in the petitioner's other statements on which the government does rely, and because they may show that the consistencies far outweigh the inconsistencies. *Id.* The government responds that such an order is not justified by any provision of the CMO. Govt's Opp'n at 14-15.

This sweeping request seeks information that does not fall under any of the automatic disclosure provisions of the CMO. *See* CMO §§ I.D.1, I.E.1. Nor has the petitioner demonstrated that the request is narrowly tailored, specific or likely to produce exculpatory information. *See id.* § I.E.2. Accordingly, the court denies this request.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the petitioner's motion for additional discovery. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of November, 2009.

RICARDO M. URBINA<br>
United States District Judge