UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAMOUD ABDULLAH HAMOUD HASSAN AL WADY, | : : : | |
| Petitioner, | : : | Civil Action No.: 08-1237 (RMU) |
| v. | : : | |
| BARACK H. OBAMA *et al.*, | : : | |
| Respondents. | : | |

# MEMORANDUM OPINION

**DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner is an individual detained at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *See generally* Pet. In August 2010, the court learned that the petitioner had indicated that he would not meet with his assigned counsel and that he no longer wished to proceed with this case. Joint Status Report (Aug. 27, 2010). The petitioner, who has a history of refusing to meet with counsel and who never signed a written authorization for counsel to represent him in this action,[1] allegedly stated to GTMO personnel that he "did not want an attorney anymore." *Id.*

---

[1] Petitioner's counsel was initially ordered to file a written authorization from the petitioner by October 27, 2008. Order (July 28, 2008). Petitioner's counsel could not secure that written authorization because the petitioner refused to meet with his counsel in December 2008 and January 2009. Decl. Regarding Authorization of Representation (Feb. 9, 2009). After obtaining multiple extensions on the October 27, 2008 deadline, petitioner's counsel filed a declaration on May 22, 2009 advising the court that "even though [the petitioner] gave explicit and unequivocal authorization for [assigned counsel] to pursue this action, [counsel] did not feel it was appropriate to ask [the petitioner] to provide written authorization" out of "concern[s] about creating mistrust by demanding that he sign a form." Petr's Notice of Authorization, Decl. of Craig A. Harbaugh ¶ 5. Although the court permitted the case to proceed on the representations of counsel, in light of recent developments, the court no longer has confidence that this action is being prosecuted with the petitioner's consent.

Accordingly, the court ordered petitioner's counsel to submit a written authorization from the petitioner by October 18, 2010 authorizing counsel to represent him in this action. Minute Order (Sept. 9, 2010). At the request of petitioner's counsel, the court subsequently that deadline to January 31, 2011. Minute Order (Oct. 7, 2010).

In October 2010, the court issued an order designed to facilitate the efforts of petitioner's counsel to meet with their client. Order (Oct. 22, 2010). The order required the government to make a good faith effort to require that the petitioner meet with his designated counsel and to advise the petitioner that the court had ordered him to meet with his counsel to advise them whether he wished to pursue his habeas petition. *Id.* This order echoed the provisions of a previous order entered in this case by Magistrate Judge Kay requiring the government to facilitate a face-to-face meeting between the petitioner and his assigned counsel. *Al Wady v. Obama*, 623 F. Supp. 2d 20, 23-24 (D.D.C. 2009) (Kay, J.).

On January 4 and 5, 2011, the government attempted to facilitate a meeting between the petitioner and his assigned counsel, but on both days, the petitioner refused to meet with his counsel. Govt's Notice of Petr's Refusal to Meet With Counsel (Jan. 10, 2011); Petr's Response to Notice of Petr's Refusal to Meet With Counsel (Jan. 11, 2011).

Judge Hogan's Protective Order requires that counsel submit written authorization from their detainee client as soon as practicable and "not later than ten days after the conclusion of a second visit with a detainee." Protective Order & Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, Misc. Case No. 08-0442, at 17 (Sept. 11, 2008). Prior to dismissing a habeas petition for lack of authorization, the court must ensure that the petitioner's decision to decline representation and not pursue his habeas petition has been made knowingly and voluntarily. *See Al Wady*, 623 F. Supp. 2d at 23-24 (Kay, M.J.) (holding that

2

because of the potentially adverse impact on the detainee's status, the court must confirm that any decision to decline representation and abandon a habeas petition is made freely and knowingly); *see also Saeed v. Obama*, 2009 WL 1312537, at *1 (D.D.C. May 12, 2009) (ordering further efforts to facilitate an in-person meeting between the petitioner and putative counsel to ensure that the petitioner's decision to forego legal representation was knowing and voluntary).

In this case, petitioner's counsel has attempted to meet with the petitioner in person on multiple occasions to secure his written authorization to proceed with this action. Govt's Notice of Petr's Refusal to Meet With Counsel (Jan. 10, 2011); Petr's Response to Notice of Petr's Refusal to Meet With Counsel (Jan. 11, 2011). On each occasion, the petitioner has refused to meet with counsel and has stated that he does not wish to have an attorney represent him. Govt's Notice of Petr's Refusal to Meet With Counsel (Jan. 10, 2011); Petr's Response to Notice of Petr's Refusal to Meet With Counsel (Jan. 11, 2011); Joint Status Report (Aug. 27, 2010). Given the extensive efforts made by counsel for the petitioner and the government to secure the petitioner's authorization, the numerous orders entered by the court to facilitate such a meeting and the petitioner's prolonged history of refusing to meet with counsel, the court is satisfied that the petitioner's decision to withhold authorization is knowing and voluntary and that his petitioner should be dismissed without prejudice.

According, for the foregoing reasons, the court dismisses without prejudice the petitioner for writ of habeas corpus. An Order consistent with this Memorandum Opinion is issued separately and contemporaneously this 3rd day of February, 2011.

                                                RICARDO M. URBINA
                                                United States District Judge